# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINTHROP D. CHAMBERLIN *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> PHILIPPE CHARAT, <br><br> Defendant. | CASE NO. 13-CV-32-WVG <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND POST-JUDGMENT INTEREST** <br><br> **[Doc. No. 18.]** |

Pending before the Court is Plaintiffs' motion for attorneys' fees, costs, and post-judgment interest. (Doc. No. 18.) Defendant has not filed a response or opposition to the motion. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds this matter suitable for decision without oral argument.[1] Good cause appearing, the Court GRANTS Plaintiffs' motion in its entirety and enters an amended judgment accordingly.

## A.   Background

In or about September 2006, Defendant Charat, for valuable consideration, made, executed, and delivered to Plaintiffs a promissory note ("Note"), dated September 2006, in the aggregate principal sum of $315,000.00, payable to Plaintiffs.

---

[1] The September 6, 2017 hearing is VACATED by operation of this Order.

(Doc. No. 3, Consent of Defendant Philippe Charat to Entry of Final Judgment ("Consent") at ¶ 2.a.) Charat defaulted in the due and punctual payment of the amounts owed under the Note. (*Id.* at ¶¶ 2.c. and 2.d.)

On January 7, 2013, Plaintiffs filed a Complaint against Charat for breach of the Note. (Doc. No. 1.) On January 8, 2013, Plaintiffs filed Charat's notarized Consent. (Doc. No. 3.) In the Consent, Charat admitted the allegations of the Complaint, consented to entry of final judgment, and agreed to this Court retaining jurisdiction over this matter for the purpose of enforcing the terms of the final judgment. (*Id.* at ¶¶ 2, 3, 12.)

On March 5, 2013, this Court entered Final Judgment ("Judgment") in favor of Plaintiffs and against Charat in the total amount of $401,571.08, plus post-judgment interest at the lawful rate from the date of entry of the Judgment, along with all costs allowable to a judgment creditor. (Doc. No. 7.) According to Plaintiffs, Charat has paid Plaintiffs a total of $30,000.00 of the amount due under the Judgment.

Since the date of entry of the Judgment, Plaintiffs, by and through their counsel, have taken steps to enforce and collect on the Judgment.

**B.     Plaintiffs' Entitlement To Reasonable Attorneys' Fees And Costs**

In an action involving state law claims, the Court applies the law of the forum state to determine whether a party is entitled to attorneys' fees, unless that law conflicts with a valid federal statute or procedural rule. *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). California's Enforcement of Judgments Law, codified as California Code of Civil Procedure section 680.010 *et seq.*, is a comprehensive statutory scheme governing the enforcement of all civil judgments in California. *Bisno v. Kahn*, 170 Cal. Rptr. 3d 709, 726 (Cal. Ct. App. 2014).

Pursuant to California Code of Civil Procedure sections 685.040 and 1033.5(a)(10) and California Civil Code section 1717, a party may recover attorneys'

fees incurred in enforcing a judgment when, as here, the judgment creditor was entitled to attorneys' fees in the underlying action pursuant to Civil Code section 1717. *Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007).

Pursuant to California Code of Civil Procedure section 685.040, Plaintiffs are entitled to recover their reasonable post-judgment attorneys' fees and costs incurred in enforcing the Judgment. As part of the original Judgment, the Court awarded Plaintiffs $10,418.75 for their "reasonable attorneys' fees and court costs" as well as "all costs allowable to a judgment creditor." (Doc. No. 7.) Plaintiffs properly were awarded such attorneys' fees and costs because the Note provided that Charat "shall pay . . . all reasonable attorneys' and court or arbitration costs and expenses and collection fees[.]" (Complaint ¶ 21 (Doc. No. 1); Consent ¶¶ 2-3 (Doc. No. 7).) Plaintiffs are the prevailing parties because the Judgment, to which Charat consented, was entered in favor of Plaintiffs and against Charat in the amount of $401,571.08. *See United States v. KISAQ-RQ 8A 2 JV*, No. 13-CV-469-HRL, 2015 WL 5935364, at *1 (N.D. Cal. Oct. 13, 2015) (citing Cal. Civ. Code § 1717).

Plaintiffs now seek reasonable attorneys' fees in the amount of $75,469.00 incurred between August 5, 2015 and July 31, 2017. The Court finds that each of the following attorney rates and time spent in enforcing the Judgment are reasonable and just under the circumstances:

| Attorney | Position | Rate | Hours | Total Fee |
| --- | --- | --- | --- | --- |
| David R. Scheidemantle | President and Managing Partner | $500.00 | 2.10 | $1,050.00 |
| Joshua J. Pollack | Partner | $500.00 | 79.60 | $39,800.00 |
| Karine Akopchikyan | Attorney | $250.00 | 112.00 | $28,175.00 |
| Fernando Perez Correa Camarena | Partner | $440.00 | 0.90 | $396.00 |
| Jose Covarrubias Azuela | Partner | $360.00 | 4.20 | $1,512.00 |
| Fernando Sánchez Morales | Attorney | $240.00 | 18.90 | $4,536.00 |
|  |  |  | 218.40 | $75,469.00 |

-3-

13-CV-32-WVG

### 1. Reasonableness of Plaintiffs' Requested Attorneys' Fees

"District courts must calculate awards for attorneys' fees using the 'lodestar method,' and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotations and citations omitted). There is a strong presumption that the lodestar figure represents the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar figure here is $75,469.00, which is calculated by multiplying the number of hours the attorney reasonably expended on the litigation by a reasonable hourly rate. *Camacho*, 523 F.3d at 978. As explained below, the Court finds that Plaintiffs' requested attorneys' fees, as outlined in the chart above, are reasonable. The Court does not find that an upward or downward adjustment is warranted. Therefore, the Court grants the requested attorneys' fees in the amount of $75,469.00.

### (a) Reasonableness of Plaintiffs' Counsels' Hourly Rates

The combined average hourly rate of all attorneys based on the hours above is $345.55, which the Court finds is a reasonable hourly rate. Based on Plaintiffs' supporting evidence and the Court's knowledge of the prevailing rates charged in San Diego, and the skill and experience of Plaintiffs' counsel, the Court finds that the hourly rates charged by Plaintiffs' counsel are commensurate with the rates charged by other attorneys of comparable skill and experience practicing in San Diego during the relevant time period.

The Court also finds that Plaintiffs' counsels' rates are commensurate with rates recently held to be reasonable by the Southern District of California for attorneys with comparable skill and experience. *See Nuvasive, Inc. v. Madsen Med., Inc.*, No. 13-CV-2077-BTM(RBB), 2016 WL 5118325, at *4 (S.D. Cal. July 1, 2016) ($500 hourly rate found to be reasonable in action involving breach of contract claims for attorney with 12 years' experience); *Hazlin v. Botanical Labs., Inc.*, No. 13-CV-0618-

KSC, 2015 WL 11237634, at *7 (S.D. Cal. May 20, 2015) ($750 hourly rate found to be reasonable for class action attorney with 15 years' experience).

### (b) Reasonableness of the Number of Hours Requested

The Court also finds the number of requested hours to be reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Plaintiffs provided detailed time records describing the work conducted in this matter. A breakdown of hours spent demonstrates that the matter was staffed properly and the hours expended by Plaintiffs' counsel on this matter are reasonable in light of the efforts engaged in to enforce the Judgment. Plaintiffs also are entitled to recover reasonable attorneys' fees incurred in preparing the fee application. *Camacho*, 523 F.3d at 981.

### 2. Plaintiffs' Entitlement to Costs

Pursuant to California Code of Civil Procedure sections 685.070(a)(1), (2),and (5), Plaintiffs are entitled to $1,735.34 for costs incurred for preparing, issuing, and recording an Abstract of Judgment, for filing a Notice of Judgment Lien on Charat's property, and for enforcing Plaintiffs' lien against Charat's real property. The Court finds that Plaintiffs' $1,735.34 in costs incurred in enforcing the Judgment are reasonable and recoverable. Cal. Code Civ. Proc. § 685.010 *et. seq*.

## C. Post-judgment Interest

Plaintiffs also are entitled to an award of post-judgment interest. Pursuant to 28 U.S.C. § 1961, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court," "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment," and "shall be computed daily to the date of payment and compounded annually. 28 U.S.C. § 1961. The post-judgment interest rate for the Judgment is 0.17 percent. (Pollack Decl., Doc. No. 18-2 at 10.)

As of July 31, 2017, the total amount owed on the Judgment, including post-judgment interest and excluding Plaintiffs' post-judgment attorneys' fees and costs, is $401,780.05. Charat made payments of $10,000.00 each toward the Judgment on November 29, 2015, December 31, 2015, and February 8, 2016. The post-judgment interest from March 5, 2013, to July 31, 2017, is $30,208.97, calculated based on annual interest due on the principal balance, and adjusted for payments made by Charat.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Motion for Attorneys' Fees, Costs, and Post-Judgment Interest is GRANTED.

2. In addition to the amounts specified in the Judgment, Charat shall pay to Plaintiffs $107,413.31, which includes (a) reasonable post-judgment attorneys' fees in the amount of $75,469.00, (b) reasonable post-judgment costs in the amount of $1,735.34, and (c) post-judgment interest from May 5, 2013, through July 31, 2017, in the amount of $30,208.97.

Concurrently with this Order, the Court will issue an Amended Final Judgment as to Defendant Philippe Charat to include these amounts.

**IT IS SO ORDERED.**

DATED: August 31, 2017

Hon. William V. Gallo
United States Magistrate Judge